This case is on bill for an injunction to restrain the defendant from building a multiple family apartment-house upon a tract of land fronting on Main avenue, in the city of Passaic, extending from Temple place to Lafayette avenue, and having a considerable depth, which fronts on Temple place on the one side and Lafayette avenue on the other. It is in the near neighborhood of the complainant's dwelling, which is located on High street, fronting eighty-eight feet on that street and extending fifteen feet in depth on Temple place aforesaid, which is also called the Boulevard.
It is contended by the complainant that her land, as well as the defendant's land, were originally parts of a large tract of land owned by a common predecessor in title of both complainant and defendant, and that, as a part of a neighborhood plan or scheme of development of the land, certain restrictive covenants were imposed upon respective grantees of the particular plot into which the general tract was divided.
Complainant also contends that she, as a successive grantee of her respective predecessors in title, is one of the persons for whose benefit those restrictive covenants were created and imposed, and that her property is likewise one of the properties protected by the covenants.
The defendant, on the other hand, contends that there was no such neighborhood plan or scheme of development of the original tract in question, and that, inasmuch as the complainant is not a grantor or a grantee in the particular chain of title to his lot; and, as complainant has imposed no restrictions *Page 395 
upon him or his land, she has no equity to restrain the construction of the building which he is about to erect, or has in process of erection, upon his land.
The facts are such that, unless a general neighborhood plan or scheme of development, with the accompanying restrictions referred to, is established, complainant's right to the relief she seeks must fail. On the other hand, if such a general plan or scheme can be established out of the evidence submitted, it would seem to be equally clear that complainant is entitled to prevail.
The whole case, therefore, turns upon the determination by the court whether or not there was a neighborhood plan or scheme of development of the lands with accompanying restrictive covenants, which complainant, as a grantee of a portion of those lands, can claim the benefit of, as against another grantee who now seeks to disregard, as complainant contends, those restrictions.
Complainant admits that her tract and the defendant's tract did not come from a common grantor, who had established a general neighborhood plan or scheme of development. She contends, however, that the two parcels of land involved did devolve from two of several owners of the entire tract, and that all of these several owners at one time entered into a general neighborhood plan of development, and that that is shown by the map "C 2." But there is no evidence of these then common owners having entered into an agreement or binding obligation among themselves to create and maintain the building restrictions and restrictive covenants contended for in this suit. If such a binding agreement, enforceable reciprocally against the common owners, respectively, had been established, and it was shown that the restrictions sought to be enforced by complainant were imposed within the terms of such an agreement, and that complainant and defendant derived their titles from two such respective common owners, under the adjudicated cases, that would be sufficient, in conjunction with the map referred to, to have constituted such a general plan or scheme of development. The right of the complainant to enforce the covenants would then depend upon *Page 396 
whether or not she could show that such restrictions were made for the benefit of her land, and that she purchased in reliance upon them.
A careful examination of the proofs and exhibits fails to convince me that such an agreement as is referred to has been established.
I am satisfied, from the proofs before me, that there was not such a neighborhood plan or scheme of development such as is contended for by the complainant, and that, therefore, complainant has no equity to maintain her present bill against the defendant, and that the bill should be dismissed.
I shall therefore advise a decree in accordance with these views.